UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGISTIC NATIONAL
SOLUTIONS LLC d/b/a LOG
NATION, a Florida Limited
Liability Company,

      Plaintiff,

v.

SELECTIVE BARRON, LLC, a
Florida Limited Liability Company
and NATHAN BARRON, individually,

      Defendants.
      _____/

CASE NO.:

## COMPLAINT

Plaintiff, Logistic National Solutions, LLC, ("Log Nation"), sues Defendant, Selective Barron, LLC ("SB"), and Nathan Barron ("Mr. Barron"), and alleges as follows:

### Introduction

1.  This is an action for damages resulting from Defendants' obtaining through fraudulent means more than $3,000,000.00 in funds intended to be used to procure personal protective equipment for use by thousands of hospitals and United States government workers across the United States during the COVID-19 global pandemic. Defendants took millions of dollars, delivered nothing in return, then closed their business.

## The Parties

2. Plaintiff Log Nation is a Florida limited liability company with its principal place of business in Valrico, Hillsborough County, Florida. Log Nation is owned by LTC William ("Bill") Johnson, Jr. (R), a service-disabled U.S. military veteran. Log Nation provides, among other things, logistic services, advice, and support for government officials at the local, state, and national level, as well as for industry leaders.

3. Defendant SB is a Florida limited liability company, with its last known principal place of business in Miami, Miami-Dade County, Florida. SB was administratively dissolved on September 25, 2020, for its failure to file an annual report with the Florida Secretary of State, Division of Corporations.

4. Defendant Nathan Barron is an individual and was the sole Manager and Registered Agent of SB. Mr. Barron was last known to reside in Miami, Florida.

## Jurisdiction and Venue

5. This Court possesses original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because this case involves a claim against Defendants under 18 U.S.C. Section 1964.

6. This Court possesses supplemental subject matter jurisdiction over the Florida state law claims in this action against Defendant SB pursuant to 28 U.S.C. Section 1367. Those state law claims arise out of the same

transactions and occurrences as Plaintiff's claim against Defendants under 18 U.S.C. Section 1964. Therefore, such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court possesses personal jurisdiction over Defendant SB because it is a Florida limited liability company.

8. This Court possess personal jurisdiction over Defendant Mr. Barron because, upon information and belief, he resides in the State of Florida.

9. Venue is proper under 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred, and the causes of action accrued, in Hillsborough County, Florida where Log Nation suffered its damages.

## **GENERAL ALLEGATIONS**

10. In March of 2020, the Defense Logistics Agency awarded a contract to Federal Resources Supply Company ("Federal Resources") to obtain, in part, personal protective equipment ("PPE"), including surgical gowns for thousands of hospitals and government workers across the United States, in response to the COVID-19 global pandemic.

11. Federal Resources, in turn, ultimately issued three (3) purchase orders to Log Nation to deliver a total of 1,500,000 Level-1 surgical gowns (the "Level-1 Gowns").

12. To fulfill Federal Resources' orders for the Level-1 Gowns, Log Nation contacted and vetted several potential suppliers, including SB.

13. Log Nation's CEO, Bill Johnson, personally spoke via telephone with Mr. Barron, SB's principal, regarding SB's ability to supply the Level-1 Gowns (the "Vetting Call"). During that call, Mr. Barron represented to Mr. Johnson that Mr. Barron was a combat-wounded military veteran who had lost a limb in service to his country. Mr. Barron's story impacted Mr. Johnson, who is himself a service-wounded military veteran.

14. During the Vetting Call, Mr. Barron further represented that his company, SB could supply the 500,000 Level-1 Gowns Log Nation needed to fulfill the first purchase order Log Nation received from Federal Resources.

15. In reliance upon Mr. Barron's representations made on behalf of SB, Log Nation entered into a Sales and Purchase Agreement with SB on May 22, 2020, wherein SB agreed to sell and deliver 500,000 Level-1 Disposable Isolation Gowns to Log Nation (the "May 22, 2020 Agreement"). A true and accurate copy of the fully-executed May 22, 2020 Agreement is attached hereto as Exhibit A.

16. Under Section 09.1 of the May 22, 2020 Agreement, SB represented that the 500,000 Level-1 gowns were "currently available for delivery" and were due to be delivered to Log Nation in Stevensville, Maryland before midnight on May 27, 2020.

17. The purchase price for the 500,000 Level-1 gowns under the May 22, 2020 Agreement, totaled $1,715,000.00.

18. Log Nation relied on the representations of SB, made through its principal Mr. Barron that Mr. Barron was a combat-wounded military veteran who had lost a limb in service to his country and that SB had 500,000 Level-1 gowns currently available for sale and delivery.

19. Specifically, upon execution of and in accordance with the terms of the May 22, 2020 Agreement, Log Nation, at the direction of SB, through its principal Mr. Barron, escrowed with SB's legal counsel, via interstate wire transfer, the sum of $857,500.00, which was 50% of the total purchase price of the 500,000 Level-1 Gowns (the "$857,500.00 Escrow Deposit").

20. Log Nation and SB then entered into a second Sales and Purchase Agreement on May 26, 2020, wherein SB agreed to sell and deliver 1,000,000 additional Level-1 gowns to Log Nation (the "May 26, 2020 Agreement"). The 1,000,000 Level-1 Gowns specified in the May 26, 2020 Agreement were needed by Log Nation to fulfill the second and third purchase orders Log Nation received from Federal Resources. A true and accurate copy of the fully-executed May 26, 2020 Agreement is attached hereto as Exhibit B. (The May 22, 2020 Agreement and the May 26, 2020 Agreement are hereinafter collectively referred to as the "Agreements").

21. Under Section 09.1 of the May 26, 2020 Agreement, SB represented that the 1,000,000 Level-1 gowns needed to fulfill that agreement were "currently available for delivery" and were due to be delivered to Log Nation in Stevensville, Maryland before midnight on June 2, 2020.

22. The purchase price for the 1,000,000 Level-1 gowns under the May 26, 2020 Agreement totaled $3,430,000.00.

23. Log Nation again relied on the representations of SB, made through its principal Mr. Barron that Mr. Barron was a combat-wounded military veteran who had lost a limb in service to his country and that SB had 1,000,000 Level-1 gowns currently available for sale and delivery.

24. Specifically, upon execution of the May 26, 2020 Agreement, Log Nation at the direction of SB, through its principal Mr. Barron, escrowed with SB's legal counsel, via interstate wire transfer, the sum of $2,300,000.00, which was 67.25% of the total purchase price of the gowns (the "2,300,000.00 Escrow Deposit").

25. SB failed to deliver the 500,000 Level-1 Gowns to Log Nation in Stevensville, Maryland by midnight on May 27, 2020 as required by the May 22, 2020 Agreement.

26. SB also failed to provide Log Nation with the commercial invoice, a packing list, or airway bill for the 500,000 Level-1 Gowns, as required by Section 8.1.2 of the May 22, 2020 Agreement.

27. In response to interstate phone calls and text messages sent by Log Nation's CEO, Mr. Johnson, to SB's principal, Mr. Barron, SB, through its principal, Mr. Barron, informed Log Nation, via an interstate telephone call to Mr. Johnson that all 1,500,000 Level-1 Gowns under the Agreements were "confirmed" for delivery via air transport to Log Nation in Stevensville, Maryland before midnight on June 2, 2020.

28. On June 1, 2020, the CEO of Log Nation, William C. Johnson, Jr., traveled to Stevensville, Maryland to accept delivery of the 1,500,000 Level-1 Gowns.

29. SB never delivered any of the 1,500,000 Level-1 Gowns to Log Nation on June 2, 2020, or at any date thereafter.

30. In short, Log Nation paid SB a total of $3,157,500.00 but received exactly nothing from SB in return.

31. SB was supposed to pay the $857,500.00 Escrow Deposit and the 2,300,000.00 Escrow Deposit (collectively, the Escrow Deposits") to the manufacturer of the Level-1 Gowns to obtain possession of those gowns.

32. However, SB paid the manufacturer only $850,000.00 from the $3,157,500.00 in Escrowed Funds deposited by Log Nation with SB's legal counsel.

33. Following SB's failure to deliver the 1,500,000 Level-1 gowns to Log Nation on June 2, 2020, SB and Mr. Barron ceased all communications

with Log Nation despite persistent efforts by Log Nation to contact SB and Mr. Barron, directly and through SB's attorney who received the Escrowed Funds.

34. On June 25, 2020, SB's attorney, who was also the escrow agent, returned $2,500.00 of the $857,500.00 Escrow Deposit to Log Nation and returned $100,000.00 of the $2,300,000.00 Escrow Deposit to Log Nation, leaving $3,055,000.00 of the Escrowed Funds unreturned.

35. All conditions precedent to the maintenance of this action have occurred, been performed or have otherwise been excused or waived.

36. Less than one month after SB was paid and accepted a total of $3,157,500.00 from Log Nation and failed to deliver anything in return, Mr. Barron incorporated Barron Capital Corp. on July 7, 2020, and became its President.

37. On July 30, 2020, Mr. Barron then founded Barron Capital Investments, LLC as its Manager.

38. Mr. Barron also publicly claimed and still claims that, in July 2020, he became the President of Blackie Capital, LLC, a "financial, investment, and global outreach" company. In fact, Blackie Capital, LLC, for which Mr. Barron serves as a Manager, was not formed until January 5, 2021, when it became a Texas Limited Liability Company.

39. On September 25, 2020, SB was administratively dissolved for failure to file its annual report.

40. Less than one month later, on October 14, 2020, Mr. Barron founded yet another company, Barron Capital, LLC as its Manager.

41. On January 5, 2021, Mr. Barron founded two more companies as their "Manager", Blackie Holdings, LLC and Barn Collection LLC, both of which are Texas Limited Liability Companies.

### COUNT I
### BREACH OF MAY 22, 2020 AGREEMENT
### AGAINST SELECTIVE BARRON

42. Log Nation realleges and incorporates by reference the allegations in paragraphs 1 through 35 above.

43. Log Nation fully performed its obligation under the May 22, 2020 Agreement.

44. SB's failure to deliver 500,000 Level-1 gowns to Log Nation in Stevensville, Maryland before midnight on May 27, 2020 breached the May 22, 2020 Agreement.

45. Under Section 09.1 of the May 22, 2020 Agreement, SB owes Log Nation the sum of $10,000 per day for its late delivery, beginning on May 28, 2020 and accruing until those 500,000 Level-1 gowns are delivered.

46. SB's failure to deliver the 500,000 Level-1 gowns in accordance with the May 22, 2020 Agreement necessitated that Log Nation source those Level-1 gowns through an alternative manufacturer and freight forwarder, at

significant additional expense, in order to fulfill the purchase orders received from Federal Resources.

47. As a direct and proximate result of SB's breach of the May 22, 2020 Agreement, Log Nation has suffered actual damages in the amount of the unrefunded portion of the $857,500 Escrow deposit, the amounts Log Nation paid to the ultimate supplier of the 500,000 Level-1 gowns that SB was obligated to deliver under the May 22, 2020 Agreement, delay damages of $10,000.00 per day accruing since May 28, 2020, and prejudgment interest on those amounts.

WHEREFORE, Plaintiff, Logistic National Solutions, LLC respectfully requests the Court enter judgment in its favor and against Selective Barron, LLC, and to award to Plaintiff its damages, costs, interest, and all other relief this Court deems just and appropriate.

## COUNT II
## BREACH OF MAY 26, 2020 AGREEMENT AGAINST SELECTIVE BARRON

48. Log Nation realleges and incorporates by reference the allegations in paragraphs 1 through 35 above.

49. Log Nation fully performed its obligation under the May 26, 2020 Agreement.

50. SB's failure to deliver 1,000,000 Level-1 gowns to Log Nation in Stevensville, Maryland before midnight on June 2, 2020 breached the May 26, 2020 Agreement.

51. Under Section 09.1 of the May 26, 2020 Agreement, SB owes Log Nation the sum of $10,000 per day for its late delivery, beginning on June 3, 2020 and accruing until those 1,000,000 Level-1 gowns are delivered.

52. SB's failure to deliver the 1,000,000 Level-1 gowns in accordance with the May 26, 2020 Agreement necessitated that Log Nation source those Level-1 gowns through an alternative manufacturer and freight forwarder, at significant additional expense, in order to fulfill the purchase orders received from Federal Resources.

53. As a direct and proximate result of SB's breach of the May 26, 2020 Agreement, Log Nation has suffered actual damages in the amount of the unrefunded portion of the $2,300,00.00 Escrow deposit, the amounts Log Nation paid to the ultimate supplier of the 1,000,000 Level-1 gowns that SB was obligated to deliver under the May 26, 2020 Agreement, delay damages of $10,000.00 per day accruing since June 3, 2020, and prejudgment interest on those amounts.

WHEREFORE, Plaintiff, Logistic National Solutions, LLC respectfully requests the Court enter judgment in its favor and against Selective Barron,

LLC, and to award to Plaintiff its damages, costs, interest, and all other relief this Court deems just and appropriate.

## COUNT III
### CIVIL RICO - 18 U.S.C. SECTION 1964
### AGAINST SELECTIVE BARRON AND NATHAN BARRON

54. Log Nation realleges and incorporates by reference the allegations in paragraphs 1 through 41 above.

55. Upon information and belief, SB and its principal, Mr. Barron intentionally and voluntarily engaged in an enterprise to use multiple interstate phone calls and communications, constituting wire fraud in violation of 18 U.S.C. Section 1343, in furtherance of a fraudulent scheme to obtain interstate wire transfers from Log Nation in the amount of $3,157,500.00 and defraud Log Nation out of all but $102,500.00 of that money ("Defendants' Fraudulent Scheme").

56. Upon information and belief, SB and Mr. Barron carried out Defendants' Fraudulent Scheme with the intent to defraud Log Nation.

57. Currently known indicia of the fraudulent intent of SB and Mr. Barron include, but are not limited to:

    a. falsely representing to Log Nation and its CEO that Mr. Barron was a combat-wounded military veteran who had lost a limb in service to his country;

b.     falsely representing in the May 22, 2020 Agreement that SB had 500,000 Level-1 gowns currently available for sale and delivery;

c.     falsely representing in the May 26, 2020 Agreement that SB had an additional 1,000,000 Level-1 gowns currently available for sale and delivery;

d.     falsely representing that SB had secured an aircraft to deliver all 1,500,000 Level-1 Gowns to Log Nation by June 2, 2020;

e.     ceasing all communications with Log Nation for approximately two (2) months following SB's failure to deliver the 1,500,000 Level-1 Gowns by midnight on June 2, 2020;

f.     a short time after SB and Mr. Barron ceased communicating with Log Nation regarding SB's failure to deliver the Level-1 Gowns, Mr. Barron created multiple new companies in each of Florida and Texas and permitted SB to be administratively dissolved;

g.     SB, through its principal Mr. Barron, had its attorney, who served as the escrow agent, wire $2,200,000.00 of the Escrowed Funds to a bank account in the Isle of Man, purportedly to pay for air freight, although such funds should have been used by SB to pay for the Level-1 Gowns;

h.     SB, through its principal Mr. Barron, provided a false address on the May 22, 2020 Agreement, the May 26, 2020 Agreement,

and the W-9 provided to Log Nation in connection with those Agreements. Mr. Barron was evicted from that address (1100 Brickell Bay Dr., Miami, Florida 33131) via a Default Final Judgment of Possession entered by the County Court in and for Miami-Dade County, Florida on March 6, 2020 – over two months before repeatedly providing that address to Log Nation. A copy of the March 6, 2020 Default Final Judgment of Possession is attached as Exhibit C; and

i. Mr. Barron has attempted to hide his relationship to SB by deleting all references to SB from his LinkedIn social media page, although he lists at least two of his newly formed companies and companies with which he was supposedly affiliated prior to acting as SB's President.

58. It was reasonably foreseeable that interstate telephone calls and electronic communications would be used to carry out Defendants' Fraudulent Scheme and such communications were in fact used.

59. Defendants' Fraudulent Scheme involved a pattern of racketeering activity as defined in 18 U.S.C. Section 1961, specifically wire fraud in violation of 18 U.S.C. Section 1343.

60. Log Nation was the intended target of Defendants' Fraudulent Scheme, which was perpetuated through a pattern of racketeering activity and

which proximately caused Log Nation to suffer damages exceeding $3,000,000.00.

61. Log Nation has engaged the law firm of Fee & Jeffries, P.A. to represent and vindicate its interests against Defendants and is obligated to pay the firm a reasonable attorneys' fee.

WHEREFORE, Plaintiff, Logistic National Solutions, LLC respectfully requests the Court enter judgment in its favor and against Defendants Selective Barron, LLC and Nathan Barron, and to award to Plaintiff its actual damages, treble damages pursuant to 18 U.S.C. Section 1964(c), reasonable attorneys' fees pursuant to 18 U.S.C. Section 1964(c), costs, interest, and all other relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Log Nation hereby demands a trial by jury on all issues so triable.

Dated: April 7, 2021                                     Respectfully submitted,

*/s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 Facsimile
rfee@feejeffries.com
bmayer@feejeffries.com
bszabo@feejeffries.com

*Lead Trial Counsel for Plaintiff,*
*Logistic National Solutions, LLC*
*d/b/a Log Nation*