# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Settlement Agreement") is made and entered into as of this 30th day of September 2021, by and among LOGISTIC NATIONAL SOLUTIONS LLC ("Log Nation"), SELECTIVE BARRON LLC ("Selective Barron"), and Nathan Barron ("NB") (collectively, the "Parties").

WHEREAS, Log Nation previously filed, and has since dismissed, a lawsuit, which was pending as Case No. 20-CA-006466 in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, against Selective Barron ("State Litigation").

WHEREAS, Log Nation subsequently filed a lawsuit, which is pending as Case No. 8:21-cv-834 in the United States District Court, Middle District of Florida, Tampa Division, against Selective Barron and NB ("Federal Litigation").

WHEREAS, Selective Barron and NB ("Defendants") deny any liability alleged in the State Litigation and Federal Litigation (collectively, the "Litigation").

WHEREAS, the Parties participated in a mediation on March 25, 2021, and continued settlement discussions thereafter, and have reached an agreement to settle the Litigation, and otherwise resolve any and all claims by and between the Parties related to or arising out of the Litigation, and believe it is in their respective best interests to avoid the cost, expense and uncertainty of further legal action by settling all potential claims pursuant to the terms and conditions set forth below.

### TERMS

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

1.  **Recitals.** The foregoing recitals are true and correct and are incorporated in full herein.

2.  **Consideration.** Defendants agree to pay Log Nation the total sum of $200,000 (the "Settlement Amount") on or before December 31, 2021, which sum Log Nation agrees to accept as consideration for this Settlement Agreement and as consideration to settle the Litigation. The Settlement Amount is to be paid as follows:

    (a)  $25,000 upon execution of this Settlement Agreement;

    (b)  $25,000 on or before October 31, 2021;

    (c)  $50,000 on or before November 30, 2021; and,

    (d)  $100,000 on or before December 31, 2021.

    (e)  Interest at the Florida statutory rate shall accrue only in the event of default; otherwise, there shall be no interest due under this Settlement Agreement

3. **Default.** If Defendants do not timely pay any of the required payments set forth in paragraph 2 above (a "Default"), the following procedures shall govern:

    (a)    Upon notice as described in paragraph 3(b) below, motion, and affidavit describing the default, Log Nation shall be entitled to entry of a Final Judgment in the Federal Litigation against Defendants, jointly and severally, for $300,000, less all payments made, plus attorney's fees incurred by Log Nation after the date of default and post-judgment interest accruing at the Florida statutory rate.

    (b)    Upon Default, counsel for Log Nation shall provide counsel for Defendants with written notice (by email to counsel's email address of record with the Florida Bar) at least five (5) calendar days prior to its application for entry of final judgment without further notice or hearing. Defendants shall have five (5) calendar days to cure any such Default from the date of receipt of written notice of its intent to apply for entry of stipulated final judgment.

    (c)    The sole defense Defendants may make to an application of Default is one of payment (or the partial defense of partial payment) of the Settlement Amount.

4. **Payment Method.** Defendants will pay the sums due under this Agreement by wiring funds made payable to Log Nation (counsel for Log Nation will provide writing instructions to counsel for Defendants by email upon executing this Settlement Agreement).

5. **Disclosure.** Counsel for Log Nation shall be permitted to file this Settlement Agreement with the Court ONLY in the event of a Default or breach by Defendants.

6. **Stay/Dismissal of Litigation.**

    (a)    Within five (5) calendar days of receipt of the fully executed copy of this Settlement Agreement, the Parties shall stipulate to a stay of the Litigation while the Settlement Amount is paid.

    (b)    Upon completion of payment by Defendants of the Settlement Amount described in Paragraph 2 above, and delivery of the Assignment described in Paragraph 8 below, Log Nation shall dismiss the Federal Litigation WITH PREJUDICE.

7. **Time is of the Essence.** The Parties stipulate and agree that time is of the essence.

8. **General Release by Log Nation.** Upon execution of this Settlement Agreement, Log Nation, on behalf of itself, its parent companies, subsidiaries and affiliates, hereby immediately releases and forever discharges any and all claims that it may have or could have asserted, arising from or related to Defendants, the Litigation, or otherwise, against Selective Barron and NB, and each of their members, partners, employees, attorneys, representatives, parents, subsidiaries, predecessors, successors, divisions, heirs assigns and affiliates. The term "claims" includes, but is not limited to, any and all claims, demands, damages, causes of action,

60197352;1

rights, attorneys' fees and expenses whatsoever, including those claims that arise from or relate in any way to the facts and allegations, that are the subject matter of the Litigation, including any claims of any nature whatsoever in law or equity which were, or could have been asserted, in the Litigation. This releases all claims, including those of which Log Nation is not aware. This release applies to all claims resulting from anything that has happened up to and through the date of this Settlement Agreement. Log Nation is bound by this release. Anyone who succeeds to any of Log Nation's rights and responsibilities, or who claims by or through any of Log Nation, such as one of the Log Nation's beneficiaries, agents, assigns, affiliates, and representatives, is also bound. This release is made for the benefit of Selective Barron and NB and all who succeed to each of their respective rights and responsibilities, and forever discharges Defendants and all of their members, partners, employees, attorneys, representatives, parents, subsidiaries, predecessors, successors, divisions, heirs, assigns and affiliates; provided, however, that nothing herein releases any obligations under this Settlement Agreement, including but not limited to Defendants' payment obligations as set forth above.

9. **Release by Defendants**. Upon execution of this Settlement Agreement, Selective Barron and NB, on behalf of themselves, their parent companies, subsidiaries and affiliates, hereby immediately release and forever discharge any and all claims that it may have or could have asserted, arising from or related to Log Nation, the Litigation, or otherwise, against Log Nation and its members, partners, employees, attorneys, representatives, parents, subsidiaries, predecessors, successors, divisions, heirs assigns and affiliates. The term "claims" includes, but is not limited to, any and all claims, demands, damages, causes of action, rights, attorneys' fees and expenses whatsoever, including those claims that arise from or relate in any way to the facts and allegations, that are the subject matter of the Litigation, including any claims of any nature whatsoever in law or equity which were, or could have been asserted, in the Litigation. This releases all claims described above, including those of which Defendants are not aware. This release applies to all claims resulting from anything that has happened up to and through the date of this Settlement Agreement. Defendants are bound by this release. Anyone who succeeds to any of Defendants' rights and responsibilities, or who claims by or through either of the Defendants, such as one of the Defendants' beneficiaries, agents, assigns, affiliates, and representatives, is also bound. This release is made for the benefit of Log Nation and all who succeed to its rights and responsibilities, and forever discharges Log Nation and all of its members, partners, employees, attorneys, representatives, parents, subsidiaries, predecessors, successors, divisions, and affiliates; provided, however, that nothing herein releases any obligations under this Settlement Agreement.

10. **Non-Disparagement**. The Parties agree that they will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person or entity whatsoever, about the other Party, its affiliated companies, or any of their officers and directors, individually or collectively, with the exception that they may make truthful statements in connection with a legal proceeding or governmental investigation. For purposes of this paragraph, a disparaging statement or representation is any untrue communication, which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or quality of the person or entity to whom the communication relates. This Non-Disparagement provision is a material provision of this Settlement Agreement, and any breach thereof constitutes a material breach of this Settlement Agreement. If at any time after the execution of this Settlement Agreement, a Party has violated its terms, including breach of the non-disparagement provisions set forth in this

60197352;1

Paragraph, the other Party shall have the right to seek appropriate relief, including, but not limited to, an injunction restraining further violations, recovery of the amount of consideration paid pursuant to the terms of this Settlement Agreement and/or damages, as appropriate. This Paragraph shall be liberally construed to effect its purpose of assuring non-disparagement, which shall be deemed to be of the essence of this Settlement Agreement.

11. **Confidentiality.** The Parties agree that neither they, nor anyone on their behalf will, in any manner, inform, disclose or discuss with any legal or natural person, any aspect of the subject matter of this Settlement Agreement, including, but not limited to, any of the terms or conditions of this Settlement Agreement and/or the amount paid in settlement, unless necessary to enforce the terms of this Settlement Agreement, are compelled to do so by order of a court of competent jurisdiction or lawfully issued subpoena.

12. **Fees and costs.** Each Party agrees to bear its own costs and fees, including but not limited to, attorneys' fees, in connection with the Litigation and this Settlement Agreement, except where specifically set forth in this Settlement Agreement. If any action or proceeding is brought to enforce or interpret this Settlement Agreement, the prevailing party, in addition to all other legal or equitable remedies possessed, shall be entitled to be reimbursed for all costs and expenses, including reasonable attorneys' fees and costs incurred by reason of such action or proceeding, attorney's fees and costs incurred on appeal, or in connection with seeking an award of entitlement to or a determination of the amount of such fees and costs.

13. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement among the Parties with respect to this settlement, and any prior oral or written statements concerning this settlement. It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect whatsoever except in a writing duly executed by all of the Parties hereto.

14. **Joint Drafting.** This Settlement Agreement shall be deemed the joint product of the Parties and shall not be construed against any party as the drafter.

15. **Cooperation.** The Parties hereby agree that each will cooperate fully, and will execute any and all documents which are necessary or appropriate to the effectuation of this Settlement Agreement.

16. **Miscellaneous.** It is expressly acknowledged and understood by all parties hereto that:

    (a)    There have been no representations, expressed or implied, other than those set forth in this Settlement Agreement;

    (b)    No party has been induced to enter into this Settlement Agreement by any such representations, expressed or implied, other than those set forth in this Settlement Agreement;

    (c)    Each party has relied on the good faith of the other party in negotiating this Settlement Agreement and in an effort to amicably resolve the matters at issue;

4

(d)     They have each executed this Settlement Agreement only after making thorough investigation and consideration of all of the relevant facts and circumstances surrounding this action and after having consulted with attorneys of their own selection; and

(e)     The terms of this Settlement Agreement are mutually understood and agreed to and accepted voluntarily, without any undue influence, fraud, coercion, misrepresentation, or restraints having been practiced upon them by other party hereto.

(f)     If a Court determines that any provision of this Settlement Agreement is invalid, the invalid portion shall be severed, and such a finding does not render the remaining provisions of this Settlement Agreement invalid.

17.     **Counterparts.**  This Settlement Agreement may be executed in one or more counterparts, including by facsimile, each of which shall, for all purposes, be deemed an original, and all of such counterparts, taken together, shall constitute one and the same Settlement Agreement.

18.     **Governing Law, Jurisdiction, Venue.** The provisions of this Settlement Agreement shall be construed in accordance with and governed by Florida law. The parties agree that any action arising out of this Settlement Agreement shall be brought in the United States District Court for the Middle District of Florida or the state court located in Hillsborough County, Florida.

19.     **Waiver of Jury Trial.** THE PARTIES HEREBY KNOWINGLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY LITIGATION ARISING FROM OR RELATING TO THIS SETTLEMENT AGREEMENT.

IN WITNESS WHEREOF, each of the parties hereto has caused this Settlement Agreement to be executed, sealed, and delivered, as applicable:

**Dated:** 30 SEPT 2021

**Logistic National Solutions LLC**
**By:** William C Johnson Jr
**Its:** CEO

**Dated:** 30 Sep 2021

**Selective Barron, LLC**
**By:** Nathan D. Barron
**Its:** CEO

**Dated:** 30 Sep 2021

**Nathan Barron**

5